DECISION.
Defendant-appellant John Mackey appeals the judgment of the trial court convicting him of sale of a counterfeit controlled substance, a felony of the fifth degree, and sentencing him to twelve months' incarceration. Mackey had pleaded no contest to the charge.
On appeal, counsel for Mackey has filed a brief in accordance withAnders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, stating that counsel has conscientiously reviewed the record and can discern no arguable errors in the trial proceedings. Consequently, counsel has sought to withdraw from representation and urges this court, consistent with Anders, to conduct "a full examination of all the proceedings to decide whether the case is wholly frivolous."Anders, 386 U.S. at 744, 87 S.Ct. at 1400.
This court has the responsibility to review the entire record and, if the appeal is wholly frivolous, either to dismiss the appeal or to proceed to the merits of the appeal. If, however, we find that legal points arguable on their merits exist, we must afford Mackey the assistance of counsel to argue the appeal.
Mackey pleaded no contest to a charge of sale of a counterfeit controlled substance in violation of R.C. 2925.37(B). The court found him guilty of this fifth-degree felony. According to the sentencing guidelines of R.C. 2929.14(A)(5), the basic prison term for a fifth-degree felony can be six, seven, eight, nine, ten, eleven, or twelve months. Here, the court sentenced Mackey to twelve months, the maximum term permitted.
According to R.C. 2929.14(C), a court imposing a prison sentence on an offender for a felony may impose the maximum term allowed only upon offenders who commit the worst form of the offense, or offenders who pose the greatest likelihood of committing future crimes, or certain major drug offenders or repeat violent offenders. The record of the sentencing proceedings in this case shows that the trial court made no finding that Mackey had committed the worst form of the offense, posed the greatest likelihood of committing future crimes, was a major drug offender, or was a repeat violent offender. Thus, the trial court arguably erred in imposing the maximum sentence permitted for the fifth-degree felony committed by Mackey.
R.C. 2953.08(A)(1) states that a defendant who is convicted of a felony has a right to appeal the sentence imposed if the sentence consists of the maximum prison term allowed, is not imposed pursuant to R.C. 2929.14(D)(3)(b) (relating to major drug offenders and violent offenders), and is imposed for only one offense or for two or more offenses arising out of a single incident. However, R.C. 2953.08(A)(2) states:
 [A] defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds: * * *
 (2) The sentence consisted of or included a prison term, the offense for which it was imposed is a felony of the fourth or fifth degree * * * and the court did not specify at sentencing that it found one or more of the factors specified in divisions (B)(1)(a) to (h) of section 2929.13 of the Revised Code to apply relative to the defendant. If the court specifies that it found one or more of those factors to apply relative to the defendant, the defendant is not entitled under this division to appeal as a matter of right the sentence imposed upon the offender.
This court held, in State v. Shryock (Aug. 1, 1997), Hamilton App. No. C-961111, unreported, that a defendant who is convicted of or pleads guilty to a felony of the fourth or fifth degree has no appeal as of right when the trial court has found one or more of the factors in R.C. 2929.13 to exist. R.C. 2929.13 sets forth the factors that a trial court should consider in determining, under R.C. 2929.14, the penalty to be imposed for a felony offense. When determining whether to impose a prison term for a fourth- or fifth-degree felony, the court is required to consider whether the offender caused physical harm to a person; threatened to cause harm or attempted to harm a person, and made the threat or attempt with a deadly weapon or had previously been convicted of an offense that caused physical harm to a person; held a position of trust or public office; committed the offense for hire or as part of organized crime activity; committed certain sex offenses; previously served a prison term; or was subject to community-control sanctions at the time of the offense. R.C.2929.13(B)(1)(a) through (h). If one or more of the factors is present, the court may impose a prison term for the offense.
In this case, as in Shryock, the trial court found that one of the factors listed in R.C. 2929.13(B)(1)(a) through (h) existed. Analyzing the provisions of R.C. 2953.08(A), theShryock court held that for those defendants convicted of fourth- or fifth-degree felonies, the right to appeal was governed solely by R.C. 2953.08(A)(2), and that no appeal could be had on the basis that the sentence was, for example, the maximum sentence allowed (R.C. 2953.08.[A][1]) or was otherwise contrary to law (R.C. 2953.08[A][4]). However, in Shryock, the court also held that the defendant could appeal as of right the trial court's imposition of the maximum sentence for a fifth-degree felony because the defendant challenged the court's findings under R.C.2929.13(B)(1) as contrary to law. The court upheld the challenge to the trial court's findings and remanded for resentencing.
In State v. McNeel (May 22, 1998), Hamilton App. No. C960980, unreported, the defendant likewise appealed the trial court's imposition of the maximum sentence for a fifth-degree felony. However, this court held that McNeel had no appeal as of right of the sentence imposed and that we could not review the sentence. In accordance with the court's reasoning in Shryock, this court held that the language of R.C. 2953.08(A)(2) precluded any right of appeal because the trial court had found that one or more of the factors listed in R.C. 2929.13(B)(1)(a) through (h) was present, and McNeel was not challenging that finding.
Later, in State v. Beasley (Sept. 17, 1999), Hamilton App. No. C-9801002, unreported, this court held that a defendant convicted of a fifth-degree felony had an appeal as of right because he had been given the maximum sentence for the offense. In Beasley, we held that R.C. 2953.08(A)(1) through (5) state independent grounds for appeal, so that even if the trial court had found one or more of the R.C. 2929.13 factors present, an offender convicted of a fourth- or fifth-degree felony could still appeal the imposition of the maximum sentence if the court did not find any of the factors of R.C. 2929.14(C) to be present to justify imposition of the maximum term. The decision included a separate concurrence, which argued that the court had no ability to review the imposition of the maximum sentence, because the court had found that one or more of the R.C. 2929.13 factors was present.
On the same day as the release of Beasley, this court decided State v. Smith (Sept. 17, 1999), Hamilton App. No. C-980887, unreported. In Smith, the defendant was convicted of a fourth-degree felony and a fifth-degree felony. The trial court found the relevant factors under R.C. 2929.13 to exist, justifying the imposition of prison terms for the offenses, imposed the maximum prison term for each offense, and ordered that the terms be served consecutively.
In reviewing the trial court's imposition of sentence, this court stated, "An offender may challenge on appeal the imposition of a maximum prison term, the imposition of a prison term for a fourth- or fifth-degree felony without a finding of one of the R.C.2929.13(B)(1) imprisonment factors, or the imposition of any sentence that is `contrary to law.' See R.C. 2953.08(A)(1)(b), (A)(2) and (A)(4)." As in Beasley, we considered the different sections of R.C. 2953.08 to provide separate and independent grounds for review of sentences. We therefore permitted the challenge to the imposition of the maximum sentences for a fourth-degree felony and a fifth-degree felony even though the trial court had found that one or more of the R.C. 2929.13(B)(1) factors existed.
Other courts have held, despite the limiting language in R.C.2953.08(A)(2), that the imposition of the maximum sentence for a fourth- or fifth-degree felony is reviewable pursuant to R.C.2953.08(A)(1), even when the trial court has made the findings pursuant to R.C. 2929.13(B)(1)(a) through (h). See, e.g., Statev. Jones (Nov. 4, 1999), Franklin App. No. 99AP-92, unreported;State v. Hedrick, Summit App. No. 18955, unreported; State v.Pratt (Sept. 25, 1998), Lake App. No. 97-L-208, unreported.
A review of the relevant law indicates that in this case, where the court imposed the maximum prison term for a felony of the fifth degree without making one of the findings pursuant to R.C.2929.14(C), even though it made findings justifying a prison term pursuant to R.C. 2929.13(B)(1), there are legal points arguable on the merits. See Anders, 386 U.S. at 744, 87 S.Ct. at 1400. The appeal is therefore not wholly frivolous.
Consequently, we grant the motion of counsel to withdraw. We appoint attorney Jeffrey R. Schaefer to serve as counsel for Mackey and order him to brief the issue of whether Mackey can appeal, as a matter of right, the imposition of the maximum sentence for the fifth-degree felony of which he was convicted, and, if Mackey can do so, whether the trial court erred in imposing the maximum sentence or committed any other matter error that he might discover in a diligent review of the record on appeal. Wherefore, we give counsel for the appellant until February 4, 2000 to file his brief and give the appellee until March 24, 2000 to file its brief.
Judgment accordingly.
 Hildebrandt, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.